Submitted November 5, affirmed December 4, 2019

In the Matter of K. A. S.,
a Person Alleged to have Mental Illness.
### STATE OF OREGON,
*Respondent,*

*v.*

### K. A. S.,
*Appellant.*

Lane County Circuit Court
18CC06606; A169734

453 P3d 637

Maurice K. Merten, Judge.

Alexander C. Cambier and Multnomah Defenders, Inc., filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Hannah K. Hoffman, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Appellant appeals a judgment committing her to the custody of the Oregon Health Authority for a period not to exceed 180 days. The trial court committed appellant on the ground that her mental illness made her unable to provide for her basic needs, ORS 426.005(1)(f)(B), and also made her dangerous to others, ORS 426.005(1)(f)(A). Appellant contends that the evidence is insufficient to support her commitment on either ground. The state argues that the evidence is sufficient to support a basic-needs commitment and tells us in its brief that it "responds only to appellant's argument regarding her ability to care for her basic needs."

Neither party has requested *de novo* review, and nothing in the record suggests that this is the sort of extraordinary case in which *de novo* review would be appropriate. Therefore, "[w]e review for legal error the trial court's determination that the evidence is legally sufficient to support appellant's civil commitment[.]" *State v. C. K.*, 300 Or App 313, 314, 451 P3d 243 (2019).

Having reviewed the record, we conclude that the evidence is not sufficient to support the determination that appellant's mental illness made her dangerous to others within the meaning of ORS 426.005(1)(f)(A). It is, however, sufficient to support the determination that appellant's mental illness made her unable to meet her basic needs within the meaning of ORS 426.005(1)(f)(B). That is, the evidence allows the conclusion that appellant was "unable to provide for *** her basic personal needs in a way that leaves [her] at nonspeculative risk" that her "safe survival will be compromised" in the near future absent commitment. *State v. M. A. E.*, 299 Or App 231, 240, 448 P3d 656 (2019). In particular, it allows for the conclusion that, at the time of the hearing, appellant's mental illness made her unable to manage her medical condition so as to compromise her near-term safe survival. Accordingly, we affirm.

Affirmed.